In the Matter of the Claim of CAROLYN JOHNSON, Respondent, v. LA SALA MASON CORP. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— The employer and carrier appeal from a decision of the board which determined that the infant claimant was the dependent daughter of the decedent. The appellant's sole argument is that the testimony was "insufficient and of no probative or legal character". The proof offered by the claimant to substantiate relationship consisted of a birth certificate lacking the name of the parents, a verified claim filed by the mother, a letter from the little girl to her uncle, the brother of the decedent, and his testimony. While the testimony in the record as to relationship is sketchy, taken as a whole, we conclude that it establishes the relationship and justifies the finding of the board. The testimony of the witness that he was the brother of the decedent and that the dependent herein, his niece, had visited him was not controverted. His additional testimony that his brother had told him about his daughter and her name was pedigree declarations which constitute an exception to the hearsay rule. (See Richardson, Evidence [8th ed.], §§ 214–216.) The testimony was admissible under section 118 of the Workmen's Compensation Law. While hearsay declarations as to pedigree may be open to every suspicion, this alone is not ground for their rejection. (*Eisenlord v. Clum*, 126 N. Y. 552, 567.) We detect no evidence of suspicion in this record and under such circumstances there was substantial evidence to sustain the board's finding that Carolyn Johnson was the minor child of the decedent. Decision and award affirmed, with costs to the Workmen's Compensation Board. Bergan, P. J., Gibson, Herlihy and Reynolds, JJ., concur.